UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TERESA L. BRANSON, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:19-cv-00079-GFVT |
| ) | |
| V. ) | |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | **MEMORANDUM OPINION** |
| Social Security, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Teresa Lynn Branson seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied her claim for disability insurance benefits. Ms. Branson brings this action pursuant to 42 U.S.C. § 405(g), alleging that the Commissioner's decision is not supported by substantial evidence. The Court, having reviewed the record and for the reasons that follow, will **DENY** Ms. Branson's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

Plaintiff Teresa Lynn Branson filed for disability insurance benefits on November 30, 2016, alleging disability beginning October 10, 2012. [Transcript ("Tr.") 257.] Her application was denied on December 2, 2016 and, on April 5, 2017, her claim was again denied on reconsideration.[1] *Id.* at 186–89, 191. Shortly after the April 5, 2017 denial, Ms. Branson

---

[1] Ms. Branson was previously granted a window of disability benefits ending August 1, 2014. [Tr. at 70; *id.* at 111.] On appeal of the cessation, summary judgment was granted in favor of the Commissioner. *Id.* at 70. So, "while the claimant has an alleged onset date beginning in 2012, her claim is barred by res judicata from the alleged onset date through the date of the [prior SSA] decision, August 7, 2015." *Id.*

requested a hearing before an administrative law judge. *Id.* at 198. That hearing was held on January 10, 2018. *See id.* at 82. Following the hearing, on August 7, 2018, Administrative Law Judge Susan Brock returned an unfavorable decision as to Ms. Branson's claim. *Id.* at 61–75. Ms. Branson then requested review from the Appeals Council, which denied the request. *Id.* at 1.

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step sequential analysis. *See* 20 C.F.R. § 404.1520. The first two steps are straightforward. First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities, he does not have a severe impairment and is not disabled as defined by the regulations. 20 C.F.R. § 404.1520(c). At the third step, the ALJ must determine whether a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. C.F.R. § 404.1530(d). If so, he is disabled. If not, the analysis proceeds to the next step. *Id.* However, before moving to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do *not* prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, the ALJ will consider whether a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy. If so, that claimant is

disabled.  20 C.F.R. § 404.1520(f).

Through Step 4 of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  At Step 5, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity.  *Id*.; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

In this case, at Step 1, the ALJ found Ms. Branson had not engaged in substantial gainful activity since the alleged disability onset date.  [Tr. 66.]  At Step 2, the ALJ found that Ms. Branson's severe impairments consisted of anxiety, bipolar disorder, and degenerative disc disease of the cervical and lumbar spine.  *Id*.  At Step 3, the ALJ determined that Ms. Branson did not have an impairment or combination of impairments that met or medically equaled the degree of severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 67.  Specifically, the ALJ found that the "medical evidence d[id] not establish the existence of" the relevant signs and symptoms with regards to listing 1.04.  *Id.*  And, with regards to listings 12.04 and 12.06, the ALJ found that Ms. Branson failed to present specific medical evidence sufficient to satisfy the paragraph B or paragraph C criteria.  *Id.* at 67–68.  Next, based on the evidence, the ALJ determined that Ms. Branson had the RFC to perform medium work, as defined in 20 C.F.R. § 404.1567(c), with certain limitations.  *Id*. at 68–73.  At Step 4, the ALJ acknowledged that Ms. Branson's impairments prevented her from performing any past relevant work.  *Id.* at 73.  At Step 5, however, after hearing testimony from the neutral vocational expert, the ALJ found that Ms. Branson could perform other work existing in significant numbers in the

national economy. *Id.* at 74. Accordingly, the ALJ concluded that Ms. Branson was not disabled. *Id*. at 74–75. Ms. Branson filed this action for review on March 20, 2019. [R. 2.]

## II

### A

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**B**

Ms. Branson presents two arguments as grounds for relief from the ALJ's unfavorable decision. She argues (1) that the ALJ erred by failing to address the worsening of her condition since a prior SSA determination in 2015, and (2), more broadly, that the ALJ's determination that she was not disabled was not supported by substantial evidence. [R. 15-1 at 16, 19.] Distilled down, both arguments largely challenge whether there was substantial evidence to support the ALJ's RFC assessment. *See id.* at 17 ("It is clear the Plaintiff's abilities are obviously more restricted."). Ms. Branson's disagreements do not warrant a reversal of the ALJ's determination.

**1**

The RFC assessment is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Soc. Sec. Rul. 96-8p, 61 Fed. Reg. 34,474, 34,475 (Jul. 2, 1996). More simply, the RFC is "what an individual can still do despite his or her limitations." *Id.* The ALJ, "[i]n assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). Notably, the ALJ is required to incorporate only those limitations she finds credible into the RFC assessment. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Ms. Branson fails to show how any determination made by the ALJ, RFC assessment or otherwise, was based on inadequate evidence. First, Ms. Branson's argument that the ALJ did not address how her condition has deteriorated since 2015 is directly refuted by the ALJ's

5

written decision. Indeed, in her own brief Ms. Branson lays out a significant amount of post-2015 evidence the ALJ did consider in making the RFC assessment. [*See* R. 15-1 at 17 ("[E]ven though the ALJ noted all of these condition [sic], the ALJ makes a finding that these conditions result in restrictions for medium work.").] In making the RFC assessment, the ALJ considered evidence that cut both ways. For example, the ALJ considered medical evidence that Ms. Branson showed "overt signs of anxiety" and "decreased insight and judgment . . . at times." [Tr. 71.] But the ALJ further noted that medical providers continued to recommend conservative treatment for these impairments and found that "while the diagnos[es] have evolved, the impact on the claimant's functioning has remained consistent since the prior decision." *Id.* at 71. Additionally, as to Ms. Branson's physical impairments, the ALJ noted that examinations "most often showed normal strength and tone, normal sensation, and normal reflexes, in the upper and lower extremities, and a normal gait." *Id.* (citing various medical treatment exhibits).

More specifically, Ms. Branson takes issue with the ALJ's failure to address Ms. Branson's schizophrenia and depression diagnoses. [R. 15-1 at 18.] The ALJ's written decision reflects, however, that the ALJ considered the previous depression diagnoses and, while not expressly identifying the schizophrenia diagnoses, considered the medical records which contained these diagnoses and the resulting mental limitations.[2] [Tr. 71–73 ("[W]hile her symptoms wax and wane—as is typical for many mental impairments—the claimant has generally exhibited adequate cognitive and social functioning.").] The record reflects that ALJ considered the evidence at issue but, in light of the evidence as a whole, did not accord it the weight Plaintiff believes proper. This is not error.

---

[2] Relatedly, Ms. Branson argues these conditions should have been "reported to the Vocational Expert . . .." [R. 15-1 at 18–19.] But the ALJ need not inform the vocational expert of every potentially relevant condition. In fact, "[t]he vocational expert is not expected to evaluate the claimant's medical conditions in making [his or her] determination." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

2

Similarly, Ms. Branson's broader contention that the ALJ's final disability determination was not supported by the evidence is unavailing. In support of this argument, Ms. Branson largely restates the evidence regarding her impairments and alleged limitations. [R. 15-1 at 2–16.] The ALJ weighed this evidence but, as set out above, also weighed evidence which indicated Ms. Branson did have the ability to perform certain physical and mental work activities. [Tr. 73 ("[T]he above residual functional capacity assessment is supported by a totality of the lay and medical evidence, including the medical opinions from Drs. Bruening, Cutler, and Ford."). For example, the ALJ found the observations of Ms. Branson's primary care providers, "who routinely noted the claimant was well appearing, alert, and oriented," were more persuasive than the opinion of Dr. Leigh Ann Ford, a consultative examiner, who provided a "somewhat vague" assessment of Ms. Branson's medical limitations. *Id.* Ms. Branson may disagree with the conclusions drawn from the evidence but fails to demonstrate why the evidence relied on by the ALJ was otherwise unreliable.

At base, Ms. Branson's concerns with the ALJ's RFC assessment and related findings are disagreements with the weight accorded certain evidence in the record. But as the trier of fact in this context, it was within the ALJ's discretion to discount certain evidence to the extent it lacked credibility in light of the totality of the lay and medical evidence. *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (discussing the advantage an ALJ has in making credibility determinations given her role as finder of fact in the hearing setting); *see also Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 568 (6th Cir. 2009). The question before this Court is simply whether the ALJ's decision is supported by substantial evidence. *See Ulman*, 693 F.3d at 714; *see also Hall v. Colvin*, No. CV 15-181-DLB, 2017 WL 111926, at *3 (E.D. Ky. Jan. 11,

2017). On review, the Court finds that it is. Because the ALJ properly weighed the evidence in making her RFC assessment and because substantial evidence supports the RFC determination and related findings, there is no error.

### III

Each of the determinations made by the ALJ as to Ms. Branson's claims were supported by substantial evidence and adequately explained. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Teresa Lynn Branson's Motion for Summary Judgment [**R. 15**] is **DENIED**, and the Commissioner's Motion for Summary Judgment [**R. 21**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 18th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge